$400.00  Receipt# 5463506 2692

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

5:19-cv-1388

**RECEIVED**

CLINTON STRANGE,

Plaintiff

OCT 24 2019

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
BY  SHREVEPORT LOUISIANA

v.

HEALTHY HALO INSURANCE SERVICES, INC.;

a California Domestic Corporation

BRENT THOMAS HEURTER;

individually as the Owner of Healthy Halo Insurance Services, Inc.

ELEA LYNN SHERROD;

individually as an Officer (Vice President) of Healthy Halo Insurance Services, Inc.

ROBIN KAY HALEN;

individually as an Officer & Director (of Operations) for Healthy Halo Insurance Services, Inc.

&

John Doe,

Defendants

## CIVIL ACTION

## COMPLAINT FOR WILLFUL AND KNOWING VIOLATIONS OF:
## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991;
## THE LOUISIANA TELEPHONE SOLICITATION RELIEF ACT OF 2001;

### &

## LOUISIANA CIVIL CODE ARTICLE 2315

**Jury Trial Demand**

## PRELIMINARY STATEMENT:

1. This is an action brought in good faith by an adult individual against Defendants HEALTHY HALO INSURANCE SERVICES, INC. ("HALO") a California Domestic Corporation; BRENT HEURTER ("HEURTER") individually as the owner of Healthy Halo Insurance Services, Inc.; ELEA LYNN SHERROD ("SHERROD") individually as an Officer (Vice President) of Healthy Halo Insurance Services, Inc.; ROBIN KAY HALEN ("KAY") individually as an Officer & Director (of Operations) for Healthy Halo Insurance Services, Inc., and John Doe ("DOE"), whose true identity is unknown to the Plaintiff at this time, herein and collectively ("DEFENDANTS"), for willful and knowing violations of parts of the Telephone Consumer Protection Act of 1991 ("TCPA"):

<div align="center">

47 U.S. Code § 227(b)(1)(A)(iii)

&

47 U.S. Code § 227(c)(5)

</div>

2. The Plaintiff brings this private civil action to enforce the provisions of these laws in his own response, as a responsible citizen of both the State of Louisiana and the United States of America, to the overwhelming wide-spread public outrage about the proliferation of intrusive, disturbing, and absolutely annoying, nuisance telemarketing practices. See *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012). The Plaintiff is seeking a maximum award for damages, and an enjoinder from further violations of the parts herein.

## JURISDICTION AND VENUE:

3. **Jurisdiction** lies properly in this court because the action involves a Federal Question pursuant to:

47 U.S. Code § 227(g)(2)

&

28 U.S. Code § 1331

4. **Supplemental Jurisdiction** (should the Court choose to exercise it ) is proper to address

Plaintiff's State Law claims under:

28 U.S. Code § 1367(a)

5. **Venue** lies proper in this U.S. District Court pursuant to:

47 U.S. Code § 227(g)(4)

&

28 U.S. Code § 1391

## PARTIES:

6. **Plaintiff ,** CLINTON STRANGE, is an adult individual residing at the address of:

CLINTON STRANGE

7021 WINBURN DRIVE

GREENWOOD, LA 71033

7. **Defendant** HEALTHY HALO INSURANCE SERVICES, INC. is a California Domestic

Corporation who engages in the business of Healthcare Insurance Lead Generation,

Brokering, and or offers Health Insurance plans to individuals. Simply put, this defendant

markets Health Insurance plans. According to The California Secretary of State this

Defendant is principally domiciled at the address of:

HEALTHY HALO INSURANCE SERVICES INC.

2830 NORTH ONTARIO STREET

BURBANK, CA 91504

, and whose Registered Agent is listed as:

ELEA LYNN SHERROD

c/o: HEALTHY HALO INSURANCE SERVICES INC.

2830 NORTH ONTARIO STREET

BURBANK, CA 91504

8. **Defendant** BRENT THOMAS HEURTER is named individually as the owner of Healthy

   Halo Insurance Services, Inc. According to the California Department of Insurance this

   Defendant is principally domiciled at or alternatively can be served at the address of:

BRENT THOMAS HEURTER

515 SOUTH FLOWER STREET

36TH FLOOR

LOS ANGELES, CA 90071

9. **Defendant** ELEA LYNN SHERROD is named individually as an Officer (Vice

   President) of Healthy Halo Insurance Services, Inc. According to the California

   Department of Insurance this Defendant is principally domiciled at or alternatively can be

   served at the address of:

ELEA LYNN SHERROD

14 BAYMARE ROAD

BELL CANYON, CA 91307

10. **Defendant** ROBIN KAY HALEN is named individually as an Officer & Director (of

    Operations) for Healthy Halo Insurance Services, Inc. According to the California

Department of Insurance this Defendant is principally domiciled at or alternatively can be served at the address of:

ROBIN KAY HALEN
19901 COMMUNITY STREET
CANOGA PARK, CA 91306

**11. Defendant** John Doe is a fictitiously named Defendant that sent the Plaintiff at least one text message on *behalf* of the other Defendants and is a subscriber to or of the Short-Code "909090" assuming the caller ID information was not "spoofed".

## THE PLAINTIFF'S FACTUAL ALLEGATIONS
### SECTION I:

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

12. The Telephone Consumer Protection Act of 1991 "TCPA" states in part under subsection b:

(b) Restrictions on use of automated telephone equipment(1) Prohibitions: It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-

(i) to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);

(ii) to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States;

13. The Telephone Consumer Protection Act of 1991 states in part under subsection c:

(5) Private right of action: A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State.

## SECTION II:

## THE TEXT MESSAGE THAT WAS SENT TO THE PLAINTIFF'S CELLPHONE

14. The Plaintiff alleges that he received an unwanted and unsolicited Text Message on his cellphone placed by or on behalf of the Defendants on August 15, 2019 at 11:36am CST.



15. The Plaintiff represents that the text message "image" in the foregoing paragraph was the text message that he received on his cellphone number 318-780-6136 that was sent by or alternatively on behalf of the Defendants.

16. The Defendants either directly or through a third-party lead generator that was acting on the Defendant's behalf under the common law doctrine of *agency* sent the text message to the Plaintiff's cellphone, and the Plaintiff represents that the following image is the message information regarding the unwanted and unsolicited text message spam:



17. The text message was intended to promote the Defendants' goods and services (HealthCare Insurance) which constitutes telemarketing.

18. The Text message was not sent for emergency purposes.

19. The text message was not intended as a Healthcare reminder. It was *intended* as an attempt to lure the Plaintiff into purchasing the Defendants' goods and services.

20. The text message was a telemarketing Text Message Spam.

## SECTION III:

## DEFENDANTS' ALLEGED USE OF AN AUTOMATIC TELEPHONE DIALING SYSTEM

21. The U.S. Federal Communications Commission ("FCC") has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) (The FCC has determined that a text message falls within the meaning of "to make any call" in 47 U.S.C. § 227(b)(1)(A)); *Toney v. Quality Res., Inc.*, 2014 WL 6757978, at *3 (N.D. Ill. Dec. 1, 2014) (Defendant bears the burden of showing that it obtained Plaintiff's prior express consent before sending him the *text message*). (emphasis added).

22. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

23. A text message to a cellular telephone qualifies as a "call" within the meaning of the TCPA. *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 269 n.2 (3d Cir. 2013).

24. The Plaintiff alleges that a high volume of consumer complaints and volume are proof of that an Automatic Telephone Dialing System ("ATDS") was being utilized to disseminate the unwanted commercially solicited text spam messages upon numerous consumers [See Exhibit A].

25. Defendant Halo is a recidivist ATDS text message spam TCPA violator. The Plaintiff was able to identify at least 4 class action settlements in which the same violative conduct that the Plaintiff alleges against the Defendants were alleged in those actions brought.

## SECTION IV:

## THE ALLEGED CONNECTION BETWEEN THE DEFENDANTS AND THE ALLEGED ILLEGAL TEXT MESSAGE SPAM

## PART A:

## THE CONTENT OF THE ALLEGED TEXT MESSAGE SPAM

26. The text spam content referred plaintiff to a phone number (844) 360-0420.

27. The phone number (844) 360-0420 is connected with a website www.healthmarketplace.net [See Exhibit C].

28. The website www.healthmarketplace.net is registered to the same entity as www.buyhealthinsurance.com.

29. According to information gathered from whois.com and godaddy.com the websites as referenced above are registered to Defendant Halo and or Defendant Heurter [See Exhibit D].

## PART B:

## THE ACTORS INVOLVED IN THE DISPUTE

30. Defendant Halo is the registrant for websites www.buyhealthinsurance.com and www.healthmarketplace.net.

31. Defendant Halo sells Health Insurance or alternatively is a broker of Health Insurance Policies.

32. Defendant Halo is Licensed by the California Department of Insurance under license No. 0F76054 [See Exhibit E].

33. Defendant Heurter is the owner of Halo [See Exhibit F].

34. Defendant Heurter is a licensed insurance agent who according to the California Department of Insurance maintains the License No. 0823820 [See Exhibit G].

35. Defendant Heurter oversees the day to day operations of HALO.

36. Defendant Sherrod is a licensed insurance agent who according to the California Department of Insurance maintains License No. 0756659 [See Exhibit H].

37. Defendant Sherrod is the Vice President of Defendant HALO [See Exhibit I].

38. Sherrod oversees the corporation (HALO) along with Defendants Heurter and Kay.

39. Defendant Kay is a licensed insurance agent. According to the California Department of Insurance this Defendant holds License No. 0D92613 [See Exhibit J].

40. Kay is the Operations Director at HALO [See Exhibit K].

41. Defendant Kay is an officer and or director of Defendant Halo.

42. Defendant Kay has special knowledge and directly oversees HALO's day-to-day marketing activities as its Operations Director.

43. All these Defendants either knew or should have known about violative unwanted commercial unsolicited text spam being sent on their behalf.

## PART C:

## THE DEFENDANT'S ALLEGED HISTORY OF SENDING TEXT MESSAGE SPAM

44. Defendant HALO has had 4 class action lawsuits filed against them for the *same* alleged
    violative behavior [See Exhibit L].

45. The Defendants are recidivist violators of the TCPA.

## SECTION V:

## HOW THE PLAINTIFF ACTED TO MITIGATE HIS DAMAGES

46. The Plaintiff registered his cellphone number 318-780-6136 on the U.S. Federal Trade
    Commission's Do-Not-Call Registry on April 4, 2019 [See Exhibit M].

47. The Plaintiff registered his cellphone number 318-780-6136 on the Louisiana Public
    Service Commission's Do-Not-Call Registry on April 4, 2019 [See Exhibit N].

## SECTION VI:

## STATEMENTS REGARDING VICARIOUS LIABLITY

48. For more than twenty years, the FCC has explained that its "rules generally establish that
    the party on whose behalf a solicitation is made bears ultimate responsibility for any

violations." *In re Rules & Regulations Implementing the TCPA,* CC Docket No. 92-90, *Memorandum Opinion and Order,* 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

49. In its January 4, 2008 ruling, the FCC likewise held that a company on whose behalf a telephone call is made bears the responsibility for any violations. Id. (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

50. In fact, the Federal Communication Commission has instructed that sellers such as Halo may not avoid liability by outsourcing telemarketing to third parties, such as Doe:

51. [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

52. On May 9, 2013, the FCC released a Declaratory Ruling holding that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable

under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules,* 28 FCC Rcd 6574, 6574 (¶ 1) (2013) ("May 2013 FCC Ruling").

53. Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *Id.* at 6592-593 (¶ 46). Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 (¶ 46).

54. At all times pertinent hereto Defendants were acting by and through their agents, servants and / or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

55. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/ or employees was intentional, reckless, and in grossly negligent disregard for Federal Laws and the rights of the Plaintiff herein.

## SECTION VII:

## LOUISIANA STATUTES AND CIVIL CODES APPLICAPLE TO THE ALLEGED VIOLATIVE UNWANTED TEXT MESSAGE SPAM MESSAGE

56. Defendants conduct amounted to tort feasance of Trespass to Plaintiff's Chattel (his cellphone) and by means of their conduct temporarily caused the Plaintiff to suffer Dispossession of his movable property.

57. The text message was a Private Nuisance that Plaintiff had to endure as a result and direct and proximate cause of the actions of the Defendants.

58. The text message caused the Plaintiff's cellphone to "awaken" from rest mode and illuminate, chime, and vibrate which caused a measurable amount of drainage and wear on the Plaintiff's cellphone battery, and power storage capacity.

59. The text message occupied a measurable amount of available memory on his cellphone which deallocated his available memory storage capacity by at least one hundred fifty-eight bytes (158 bytes).

60. The text message caused the Plaintiff to have to exert a measurable amount of both physical and mental energy to walk to his phone, review the contents of the text message spam, and clear it from his incoming message queue.

61. Because of the nature of the text message in regard to "Healthcare" the Plaintiff felt compelled to visit his VA Health Benefits Profile website to ensure that he was still enrolled, and his benefits "status" as a Priority Group-I participant did not need to be reviewed or updated.

62. Telephone Consumer Protection statutes under Louisiana Law are investigated by the Louisiana Public Service Commission.

63. Telephonic solicitation during state of emergency is Prohibited in The State of Louisiana during declared States of Emergency. On the date that the Defendants sent the violative text message spam to the Plaintiff the State of Louisiana was under a Declared State of Emergency [See Exhibit O].

64. Pursuant to La. R.S. § 45:844.31 Louisiana law prohibits businesses from conducting telephone solicitations during a state of emergency unless an exemption applies.

## SECTION VIII:

## PLAINTIFF'S LEGAL STANDING TO BRING AN ACTION AGAINST THE DEFENDANTS

65. The Plaintiff has suffered articulated and particularized harm that was caused either directly by or alternatively on behalf of the Defendants.

66. Article III "standing consists of three elements." *Spokeo*, 136 S. Ct. at 1547 (quoting *Lujan*, 504 U.S. at 560). To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)).

67. In *Spokeo*, the Supreme Court held intangible injuries can be concrete and, under certain circumstances, the risk of real harm can also satisfy the requirement of concreteness. *Id.* at 1549. However, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* As such, a plaintiff may "not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation ... is insufficient to create Article III standing.")) (additional citation omitted).

68. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

## THE COUNTS AND CAUSES OF ACTION:

### COUNT I:

### (Plaintiff v. All Defendants)
### NEGLIGENT VIOLTIONS OF THE TCPA SUBSECTION B

#### 47 U.S. Code § 227(b)(1)(A)(iii)

69. The Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein at length.

70. The Defendants placed at least one (1) "call" (text message) to the Plaintiff's cellphone without his consent using an ATDS in violation of subsection b of the TCPA.

71. The Plaintiff seeks five hundred dollars ($500 U.S. Dollars) in damages for each and every violation which the Court or trier of fact finds that the Defendants are Negligently liable to the Plaintiff for.

72. The Plaintiff is entitled to and seeks injunctive relief enjoining the Defendants from future violations of this part.

**COUNT II:**

**(Plaintiff v. All Defendants)**

**WILLFUL AND KNOWING VIOLATIONS OF THE TCPA SUBSECTION B**

**47 U.S. Code § 227(b)(1)(A)(iii)**

73. The Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein at length.

74. The Defendants placed at least one (1) "call" (text message) to the Plaintiff's cellphone without his consent using an ATDS in violation of subsection b of the TCPA.

75. The Plaintiff seeks fifteen hundred dollars ($1500 U.S. Dollars) in damages for each and every violation which the Court or trier of fact finds that the Defendants are Willfully and Knowingly liable to the Plaintiff for.

76. The Plaintiff is entitled to and seeks injunctive relief enjoining the Defendants from future violations of this part.

**COUNT III:**

**(Plaintiff v. All Defendants)**

**NEGLIGENT VIOLATIONS OF LOUISIANA CIVIL CODE ARTICLE 2315**

77. The Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein at length.

78. Louisiana Civil Code Article 2315(A) states " Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.".

79. As outlined in the foregoing paragraphs the Defendants did cause damages to the Plaintiff in the form of wasted time and energy, endurance of a nuisance, dispossession of his Chattel by way of Trespass to his movable property, deminimus battery depletion, deallocation of his cellphone's memory, use of monthly assigned mobile data plan bytes, and the increased risk of "missing" any important State of Louisiana Office of Homeland Security Communications during a Declared State of Emergency.

80. To the extent that the Court or trier of fact finds the Defendants were negligently liable for damages under this count the Plaintiff defers to Louisiana Civil Code 2324.1 which states: "In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury".

81. The Plaintiff is entitled to and seeks injunctive relief enjoining the Defendants from future violations of this part.

**Jury Trial Demand;**

Plaintiff demands trial by jury on all issues so triable.

**Prayer for Relief;**

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

Statutory Damages;
Treble Damages;
Pre and Post Judgement Interest;
Enjoinder from further violations of these parts;
Costs of litigating the action together along with all reasonable attorney's fees (if any) and court costs;
And such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

X _Clinton Strange_          10/23/2019

Clinton Strange
Pro Se                          Dated
7021 Winburn Drive
Greenwood, LA 71033
318-780-6136
parsmllc@gmail.com